UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


THOMAS TROY, ALEXANDER DOWHAL,
LAWRENCE YELINEK, and WILLIAM
CLUGSTON

                Plaintiffs,

                                                        Case No. 11-12559
      v.                                       Honorable Julian Abele Cook, Jr.

CHRYSLER GROUP LLC

                Defendant.


ORDER

    In this case, the Plaintiffs, Thomas Troy et al,[1] have collectively accused the Defendant, Chrysler Group LLC ("Chrysler"), of (1) breaching its contractual obligations, (2) receiving an unjust enrichment, and (3) failing to pay statutory fringe benefits in violation of Mich. Comp. Laws § 408.473. It should be noted that one of the Plaintiffs, William Clugston, complains of being subjected to acts of retaliation against him by Chrysler, for which he seeks damages. Currently before the Court is Chrysler's motion for summary judgment. (ECF 41).

I.

    At the outset, it has been asserted by the Defendant that (1) it became a corporate entity on June 10, 2009 following the entry of Chrysler LLC into bankruptcy, and (2) Chrysler Group LLC

---

    [1]The Plaintiffs have been identified as Thomas Troy, Alexander Dowhal, Lawrence Yelinek, and William Clugston.

is not a successor to any other Chrysler entity nor did it assume any of the liabilities that are related to or arising out of the employment of those Chrysler LLC's employees who were not transferred employees, unless they were covered by a collective bargaining agreement.

In their complaint, the Plaintiffs jointly contend that the benefits or bonuses, to which they - as former employees of the Defendant - are entitled to receive were denied to each of them. The Defendant disagrees, contending that the Plaintiffs were contract workers for services provided by vendors.

Three of the Plaintiffs (Troy, Clugston, and Yelinek) established their own companies that subsequently billed the vendor for the services rendered

## II.

The purpose of the summary judgment rule, as reflected by Federal Rule of Civil Procedure 56, "is to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The entry of a summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Aqua Grp., LLC v. Fed. Ins. Co.*, 620 F. Supp. 2d 816, 819 (E.D. Mich. 2009) (citing *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)).

In order for a dispute to be genuine, it must contain evidence upon which a trier of the facts could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 560 (6th Cir. 2004). When assessing

2

a request for the entry of a summary judgment, a court "must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The entry of a summary judgment is appropriate if the nonmoving party fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Thus, the moving party has the initial obligation of identifying those portions of the record that demonstrate the absence of any genuine issue of a material fact. *Celotex*, 477 U.S. at 323. Thereafter, the nonmoving party must "come forward with some probative evidence to support its claim and make it necessary to resolve the differences at trial." *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *see also Anderson*, 477 U.S. at 256. The presence or the absence of a genuinely disputed material fact must be established by (1) a specific reference to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or (2) a "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

III.

The Plaintiffs assert a claim under the Michigan Wages and Fringe Benefits Act, Mich. Comp. Laws § 408.473. However, before a worker can file a claim for failure to pay benefits under this statute, the employee is required to file an administrative complaint with the State of Michigan. Mich. Comp. Laws § 408.481. Only after the administrative agency addresses such a claim can an

employee bring a civil action under this statute. According to the record in this cause, none of the Plaintiffs have satisfied this procedural obligation. Furthermore, a claimant must file a complaint within twelve months of the alleged violation. Mich. Comp. Laws § 408.481(1). The Plaintiffs' assignments at Chrysler Group LLC all ended more than twelve month ago. Thus, the Defendant is entitled to the entry of a summary judgment on this claim.

Clugston complains to have been victimized by unlawful acts of retaliation in violation of the Wages and Fringe Benefits Act. However, those individuals who seek to file a claim against an employer for retaliation must first exhaust their administrative remedies. Mich. Comp. Laws § 408.483. It is Clugston's contention that he was subjected to retaliation by the Defendant by not giving him work assignments after March 2011, following his identification as a plaintiff in this litigation. Clugston first raised this issue through his counsel on September 21, 2011, and was aware of the alleged claim at that time. In order to be timely, a retaliation claim under the Wages and Fringe Benefits Act must be filed with the State of Michigan within thirty days after the alleged violation. Mich. Comp. Laws § 408.483. At his deposition on December 13, 2011, Clugston admitted that he had never filed an administrative claim for this violation. Accordingly, Clugston failed to timely exhaust administrative remedies. Hence, the Defendant is entitled to an entry of summary judgment on this claim.

The Plaintiffs also seek to obtain benefits, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001 et seq. However, ERISA requires a participant to exhaust his administrative remedies as a prerequisite to commencing a lawsuit in a federal court. *Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 504 (6th Cir. 1991).

As the Plaintiffs pursue their argument, they ask the Court to consider *Hill v. Blue Cross*

4

*and Blue Shield of Michigan*, 409 F. 3d 710 (6th Cir. 2005) for the proposition that plaintiffs are exempt from this procedural hurdle when such a measure would be futile. However, futility is not an automatic form of relief. Rather, a plaintiff must show that it is "certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision." *Hill*, 409 F.3d at 719. Plaintiffs have not established that exhausting administrative remedies would have been futile.

Additionally, any claim for benefits from an ERISA plan is governed by plan documents. The Plan Document provides that individuals whose compensation for services are paid through a service contract, or a person who is an agency employee, are not eligible for benefits. The Plaintiffs, in their respective depositions, state that they were never Chrysler employees, they never received W-2s from Chrysler, and that they were assigned to Chrysler through a vendor based on a service contract. The Defendant's request for an entry of summary judgment on this count will be granted.

The Plaintiffs also include a breach of contract claim. To establish a breach of contract, a plaintiff must first establish the elements of a contract. *Pawlak v. Redox Corp.*, 182 Mich. App. 758, 765 (1990). A valid contract requires "(1) parties competent to contract, (2) proper subject matter, (3) a legal consideration, (4) mutuality of agreement, and (5) mutuality of obligation." *Thomas v. Leja*, 187 Mich. App. 418, 422 (1991). All four Plaintiffs admit in their depositions that they did not have a contract with Chrysler. Summary judgment for the Defendant is appropriate.

Finally, the Plaintiffs include in their complaint a claim for unjust enrichment. "The elements of a claim of unjust enrichment are: (1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to plaintiff because of the retention of the benefit by

defendant." *Barber v. SMH (US) Inc.*, 202 Mich. App. 366, 375 (1993). The facts establish that none of the Plaintiffs worked directly for Chrysler; rather, they worked for vendors. Chrysler purchased services from these vendors. The Plaintiffs were aware of this practice. There is no basis for holding Chrysler liable for a claim of unjust enrichment.

For the reasons stated above, the Defendant's motion for an entry of summary judgment is granted. (ECF 41).

IT IS SO ORDERED.

Date: January 9, 2013                                   s/Julian Abele Cook, Jr.
                                                        JULIAN ABELE COOK, JR.
                                                        U.S. District Judge


<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on January 9, 2013.


                                                        s/ Kay Doaks
                                                        Case Manager